O’Neill, J.,
dissenting.
{¶ 25} The United States Marine Corps took a marginal recruit from an abusive family and turned him into a fighting machine. They sent him to Iraq to defend all of us, and in the process they turned him into a confused alcoholic with a clear diagnosis of posttraumatic stress disorder (“PTSD”) and possibly a traumatic brain injury.
{¶ 26} Once home, and still on active duty, he became a misfit alcoholic who was, essentially, no longer of any use to the Marine Corps. He was often drunk, did not obey orders, and most significantly, received no treatment whatsoever for the PTSD that he had sustained in the fog of war.
{¶ 27} Not too surprisingly, on one drunken day while on active duty, he and a friend “borrowed” a Humvee and went on a joyride. They were quickly apprehended by the officer of the day, and from that point forward, it was clear that the Marines no longer needed the product they had created.
*228 {¶ 28} He was demoted and given a bad-conduct discharge for the Humvee incident. Significantly, his less-than-honorable discharge deprived him of the medical assistance from the federal Department of Veterans Affairs that he so desperately needed.
{¶ 29} As a civilian he simply did not fit in, and, still suffering from untreated and undiagnosed PTSD, his antisocial behavior predictably escalated.
{¶ 30} We are here today because of the tragic events that led to his conviction. It is without question, and well supported in the record, that this troubled throwaway from society wanted to commit “suicide by cop.” There is no other explanation for why an individual would open fire on two approaching, well-trained, well-armed police officers. He failed. Rather than dying, Belew received a nonfatal bullet to the chest — and not one of the officers was struck. He took responsibility for his actions and pled guilty to several offenses but received an aggregate sentence of 27 years in prison that was far harsher than it should have been.
{¶ 31} Incredibly, the trial court and the court of appeals have locked onto the phrase “no excuse.” The trial court stated, “Mr. Belew, you claim that you suffer from post-traumatic stress disorder as a result of being in the military and you provide that as an excuse for your actions. There is no excuse, Mr. Belew.”
{¶ 32} I would respectfully suggest that one trial court judge, three appellate court judges, and the majority of this court simply do not get it. PTSD is not an excuse. It is an explanation.
{¶ 33} Mr. Belew’s disability was not an “excuse.” He was and is suffering from a well-known and definable disease, which was diagnosed by Dr. Wayne Graves, whose testimony was admitted into evidence without objection and presented in the sentencing hearing.
{¶ 34} After the date of the trial court’s sentencing of Belew in this case, the General Assembly enacted the following language: “The sentencing court shall consider the offender’s military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender’s service in the armed forces of the United States.” R.C. 2929.12(F).
{¶ 35} This case is clearly the poster child for implementation of the new statute, and today this court has the rare opportunity to lead with clarity. The record is before us. There is more at stake here than garden-variety excuses for criminal culpability. Belew was a marginal Marine recruit; he developed PTSD while on active duty; and he was turned out of the service with a bad-conduct discharge and little or no capacity to function safely in society. Tragically, he is not the only member of the armed forces to arrive at this juncture. He has been diagnosed with PTSD as a result of his time in the Marine Corps — a condition *229 that remains untreated. It is inexcusable that he cannot access federal benefits for his PTSD. We can and should do better. I would reverse the judgment of the court of appeals and remand this case to the trial court for a new sentencing hearing and decision that properly takes into consideration B elevas military-service record and his diagnosis of PTSD. Anything else is unreasonable.
Julia Bates, Lucas County Prosecuting Attorney, and David Cooper and Michael D. Bahner, Assistant Prosecuting Attorneys, for appellee.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick and William J. Mooney, Assistant Public Defenders, for appellant.
Spengler Nathanson, P.L.L., and Laurie J. Pangle, urging reversal for amicus curiae the Arms Forces.
McDonald Hopkins, L.L.C., and R. Jeffrey Pollock, urging reversal for amici curiae Ohio Suicide Prevention Foundation, National Alliance on Mental Illness of Ohio, and Ohio Empowerment Coalition, Inc.
Ohio Disability Rights Law and Policy Center, Inc., and Kristen Henry, urging reversal for amici curiae Disability Rights Ohio and National Disability Rights Network.